UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLSTATE LIFE INSURANCE COMPANY | CIVIL ACTION |
| versus | |
| YVETTE MARCELLE, EARL MARCELLE, EUNICE VALLERIA MOORE-LAVINGNE, the ESTATE of DR. MARILYN RAY-JONES, and the RAY-JONES FAMILY IRREVOCABLE TRUST | 21-469-SDD-SDJ |

**RULING**

Before the Court is the *Motion for Summary Judgment*[1] filed by Yvette Marcelle ("Marcelle"). Co-Defendants in Interpleader Earl Marcelle, Eunice Valleria Moore-Lavingne, the Estate of Dr. Marilyn Ray-Jones and the Ray-Jones Family Irrevocable Trust ("Co-Defendants") filed an *Opposition*[2] to the *Motion*, to which Marcelle filed a *Reply*.[3] For the reasons that follow, the *Motion* shall be GRANTED.

**I.    BACKGROUND**

In 2004, Dr. Marilyn Ray-Jones ("Dr. Ray-Jones") purchased a life insurance policy from Allstate Life Insurance Company ("Allstate"), naming as the primary beneficiary her son, Thomas E. Ray, II, with Dr. Ray-Jones' cousin, Yvette Marcelle, designated as the contingent beneficiary.[4] Dr. Ray-Jones and her son have both since died, and a dispute has arisen among various parties who claim entitlement to the policy's death benefit. Allstate filed this interpleader suit to determine the respective interests of the known

---

[1] Rec. Doc. No. 22.
[2] Rec. Doc. No. 33.
[3] Rec. Doc. No. 34.
[4] Rec. Doc. No. 1, p. 4.

potential claimants. On December 22, 2021, Yvette Marcelle filed this *Motion for Summary Judgment*,[5] arguing that she is the rightful beneficiary of the $119,704.93.[6] According to Marcelle, Dr. Ray-Jones "never changed the primary beneficiary or the contingent beneficiary" and the Co-Defendants herein "have never been named as beneficiaries"[7] of any type for Dr. Ray Jones' policy.

Not so fast, the Co-Defendants caution, arguing that the rarely-recognized doctrine of substantial compliance operates here because this is a case where "the insured complied with the requirements on the face of the policy, but some internal procedure of the insurance company was not completed."[8] The Co-Defendants contend that, after her son died, Dr. Ray Jones called Allstate to make a change to the named beneficiaries but was erroneously told that there were not any beneficiaries remaining on the policy. Her intent to remove Yvette Marcelle as a beneficiary is manifested, they argue, by various documents related to Dr. Ray-Jones's family trust. In the alternative, the Co-Defendants urge the Court to "reform" the insurance policy as a matter of equity because, if she had known that Yvette Marcelle was still listed as a beneficiary, Dr. Ray-Jones "could have made either the Estate or the Trust the new primary beneficiary of the Policy."[9]

The Co-Defendants sought, and received, an extension for the filing of their *Opposition* to the *Motion for Summary Judgment*.[10] However, their filing does not comport with the Local Rules of the Middle District of Louisiana[11] insofar as their *Statement of*

---

[5] Rec. Doc. No. 22.
[6] *Id*. at p. 2.
[7] Rec. Doc. No. 22-1, p. 2.
[8] Rec. Doc. No. 33, p. 9.
[9] Rec. Doc. No. 33, p. 12.
[10] Rec. Doc. No. 25; Rec. Doc. No. 30.
[11] Local Rule 56(c): Opposing Statement of Material Facts. A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts.

*Uncontested Facts*[12] does not indicate whether the parties admit or deny the *Undisputed Material Facts*[13] filed by Yvette Marcelle. Instead, Co-Defendants offer their own list of facts, which is only occasionally responsive to Marcelle's facts in any discernable way. Pursuant to Local Rule 56(f), the facts contained in a statement of material facts shall be deemed admitted unless properly controverted. If this Court were to strictly apply that rule, it would be deemed admitted that Dr. Ray-Jones "never changed the primary beneficiary or the contingent beneficiary"[14] and that the Co-Defendants "have never been named as beneficiaries, co-beneficiaries, or contingent beneficiaries"[15] for the policy. Whether the Court deems those facts admitted or not is somewhat immaterial, because the Co-Defendants do not genuinely dispute either of those facts. Instead, their arguments invite the Court to look *beyond* those facts and find in their favor as a matter of equity because, they assert, Dr. Ray-Jones *intended to* – but did not – change beneficiaries before her death. After reviewing the parties' briefs, summary judgment evidence, and the applicable law, the Court concludes, for reasons detailed below, that movant Yvette Marcelle has carried her burden of showing that there is no genuine dispute as to any material fact and is therefore entitled to summary judgment.

**II.    LAW AND ANALYSIS**

    a. <u>Motions for Summary Judgment</u>

"The court shall grant summary judgment if the movant shows that there is no

---

The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation.
[12] Rec. Doc. No. 32.
[13] Rec. Doc. No. 22-1.
[14] Rec. Doc. No. 22-1, p. 2.
[15] *Id.*

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[17]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[18]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[19]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[20]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[21]  All reasonable factual inferences are drawn in favor of the nonmoving party.[22]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[23]  "Conclusory allegations unsupported by specific

---

[16] Fed. R. Civ. P. 56(a).
[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[18] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[19] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[20] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[21] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[22] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[23] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint.""[24]

  b. Analysis

Marcelle cites Dr. Ray-Jones' application for the Allstate life insurance policy in support of her entitlement to the proceeds.[25] The application document clearly reflects that Dr. Ray-Jones' son Thomas was named as the primary beneficiary and that Yvette Marcelle was named as the contingent beneficiary of the policy:

| Beneficiary(ies) | Primary | Contingent | Relationship to Insured | % of Death Benefit |
|---|---|---|---|---|
| Thomas E. Ray II | ✓ | ☐ | son | 100 % |
| Yvette Marcelle | ☐ | ✓ | cousin | 100 % |
| | ☐ | ☐ | | |
| | ☐ | ☐ | | |

[26]

As discussed above, Co-Defendants do not dispute that Dr. Ray-Jones named her beneficiaries as listed above; in fact, they attach the same application as evidence to their *Opposition*. Likewise, it is not disputed that Dr. Ray-Jones' son predeceased her,[27] nor that Dr. Ray-Jones died on October 29, 2020.[28] No party has produced competent summary judgment evidence demonstrating that any of the Co-Defendants are, or were ever, named as beneficiaries, co-beneficiaries, or contingent beneficiaries of the policy. Furthermore, Marcelle attaches to her motion the *Responses to Request for Admissions* made by Allstate, wherein Allstate admits that Dr. Ray-Jones "never changed the

---

[24] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[25] Rec. Doc. No. 1-3.
[26] *Id*. at p. 1.
[27] *See* Rec. Doc. No. 32, p. 2.
[28] See Rec. Doc. No. 22-2, p. 4; Rec. Doc. No. 32, p. 6.

beneficiary or the contingent beneficiary for this policy."[29] Although Co-Defendants filed a counterclaim against Allstate for providing "them with erroneous and misleading information regarding the existence of a contingent beneficiary,"[30] they do not dispute in that counterclaim that Marcelle was named as a beneficiary, only that Allstate gave them incorrect information about Marcelle's status. Thus, based on the above record evidence, the Court concludes that Yvette Marcelle, as the sole surviving beneficiary of the policy, has demonstrated that there is no genuine dispute of material fact and that she is entitled to the proceeds.

Co-Defendants' arguments to the contrary are without merit. First, they argue for the application of the doctrine of substantial compliance, which counsels that when an insured does "substantially all that lay within his power to do to effect a change in the beneficiary,"[31] the attempt to comply with the policy's terms should be regarded as sufficient even if the beneficiary is not changed before the insured's death.[32] The terms of Dr. Ray-Jones' policy – with which Co-Defendants argue she attempted to comply -- specify that a change of beneficiary must be made in writing and that the written request "will not be effective until it is recorded in our [Allstate's] home office records."[33] Earl Marcelle unambiguously attests that he and Dr. Ray-Jones "did not execute any change-of-beneficiary forms."[34] Because the policy called for a written request and the Co-Defendants admit that Dr. Ray-Jones did not make one, the Court cannot conclude that

---

[29] Rec. Doc. No. 22-3, p. 3-4.
[30] Rec. Doc. No. 7, p. 12.
[31] *Bland v. Good Citizens Mut. Ben. Ass'n*, 64 So. 2d 29, 33 (La. Ct. App. 1953).
[32] *See also Cass v. Allstate Ins. Co.,* No. CIV. A. 07-4125, 2008 WL 4909182, at *3 (E.D. La. Nov. 13, 2008("the doctrine of substantial compliance seeks to give 'effect to an insured's intent to comply when that intent is evident'").
[33] Rec. Doc. No. 1-2, p. 5.
[34] Rec. Doc. No. 33-1, p. 27.

Dr. Ray-Jones did all within her power to change the beneficiary. Allstate's *Responses to Request for Admissions* reflect that, although a change of beneficiary form was sent to Dr. Ray-Jones,[35] she never changed the beneficiaries on her policy.[36] Whether or not Dr. Ray-Jones' failure to submit a written request was the result of misrepresentations by Allstate is the subject of the Co-Defendants' counterclaim against Allstate and does not change the fact that, according to the summary judgment evidence in the record, Dr. Ray-Jones did not "substantially comply" with the terms of her policy related to a change of beneficiary by sending Allstate a written request.

Next, Co-Defendants urge the Court to "reform" the insurance contract because Dr. Ray-Jones' true intentions can be gleaned from amendments she made to family trust documents before her death. But the Court fails to see how amendments to a separate financial instrument necessarily evidence Dr. Ray-Jones' desire to change the beneficiaries of her life insurance policy. The handwritten notes attached by Co-Defendants, and their attestations regarding conversations with Dr. Ray-Jones, lack sufficient context for the Court to infer Dr. Ray-Jones' "intentions." For example, Co-Defendants cite a handwritten note for the proposition that Dr. Ray-Jones intended Marcelle "to receive $5,000.00 – nothing more,"[37] but the note does not make clear whether she meant $5,000.00 from the trust to the exclusion of all other sources. The note simply says "Yvette Marcelle – 5000.00."[38]

Nor do Co-Defendants address the rule under Louisiana law, cited by Marcelle, that "when the insured names a beneficiary, the proceeds do not form any part of the

---

[35] Rec. Doc. No. 33-1, p. 30.
[36] Rec. Doc. No. 22-3, p. 3.
[37] Rec. Doc. No. 33-1, p. 19.
[38] *Id*. at p. 22.

insured's estate at his death."[39] "They do not come into existence during his life, never belong to him, and pass by virtue of the contractual agreement between the insured and the insurer to the named beneficiary."[40] In light of this principle, the Court is reluctant to accept Co-Defendants' arguments that Dr. Ray-Jones' actions with respect to the family trust should be treated as equally applicable to her life insurance policy, when it is undisputed that the policy had a named beneficiary.

Essentially, Co-Defendants argue that the Court should reform the insurance policy to make up for the "mutual error"[41] by Dr. Ray-Jones and Allstate. The Court declines to do so. The Supreme Court of Louisiana instructs that the remedy of reformation "lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true contract of the parties."[42] Yvette Marcelle was not named as a beneficiary on Dr. Ray-Jones' policy *in error* or *by mistake*; in fact, it is undisputed that Dr. Ray-Jones named her as a contingent beneficiary. Co-Defendants' argument that she intended to change her mind is not persuasive. Ultimately, "the burden is on the one seeking reformation to establish the mutual error and mistake by clear and convincing proof,"[43] and the Co-Defendants have not done so.

Accordingly, because the movant has carried her summary judgment burden and Co-Defendants respond only with conclusory assertions and insubstantial evidence, the Court finds that the *Motion for Summary Judgment* shall be granted.

---

[39] *T. L. James & Co. v. Montgomery*, 332 So. 2d 834, 845 (La. 1975).
[40] *Id*. at 847.
[41] Rec. Doc. No. 33, p. 12.
[42] *Agurs v. Holt*, 232 La. 1026, 1031, 95 So. 2d 644, 645 (1957).
[43] *Id*. at 646.

### III.   CONCLUSION

For the foregoing reasons, the *Motion for Summary Judgment*[44] is GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on July 12, 2022.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[44] Rec. Doc. No. 22.