## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ALLSTATE LIFE INSURANCE COMPANY

VERSUS

MARCELLE, ET AL.

CIVIL ACTION

21-CV-469-SDD-SDJ

### RULING

This matter comes before the Court on the *Motion for Entry of Rule 54(b) Judgment*[1] filed by Defendant in Interpleader, Yvette Marcelle ("Marcelle"). The Plaintiff, Allstate Life Insurance Company ("Allstate"), has no opposition to this Motion. But, Co-Defendants in Interpleader Earl Marcelle, Eunice Valleria Moore-Lavigne, the Estate of Dr. Marilyn Ray-Jones and the Ray-Jones Family Irrevocable Trust, (collectively the "Co-Defendants") filed an *Opposition*[2] to which Marcelle filed a *Reply*.[3] For the reasons set forth below, the Court does not find that a Rule 54(b) certification is proper at this time.

In *PYCA Indus., Inc. v. Harrison County Eater Mgmt. Dist.*, the Fifth Circuit stated:

> Rule 54(b) of the Federal Rules of Civil Procedure provides that "the court may direct entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." ... One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; **it should not be entered routinely as a courtesy to counsel**.[4]

---

[1] Rec. Doc. 75.
[2] Rec. Doc. 79.
[3] Rec. Doc. 87.
[4] 81 F. 3d 1412, 1421 (5th Cir. 1996) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985) (emphasis added)).

In 2004, Dr. Marilyn Ray-Jones ("Dr. Ray-Jones") purchased a life insurance policy (the "Policy") from Allstate, naming as the primary beneficiary her son, Thomas E. Ray, II, with Dr. Ray-Jones' cousin, Marcelle, designated as the contingent beneficiary.[5] Dr. Ray-Jones and her son, Thomas, E. Ray, II died. A dispute then arose among Marcelle and the Co-Defendants over the entitlement to the Policy's proceeds. In August 2021, Allstate sought interpleader pursuant to Federal Rule of Civil Procedure 22 to resolve this dispute.[6] On October 14, 2021, Co-Defendants filed an answer to the interpleader claim and a counterclaim against Allstate claiming *inter alia* breach of contract and breach of Allstate's fiduciary duty.[7] On December 22, 2021, Marcelle moved for summary judgment on the interpleader claim arguing that she was the rightful beneficiary of the Policy's proceeds. On July 12, 2022, this Court granted Marcelle summary judgment finding that there was no factual dispute that she was the sole surviving beneficiary named on the Policy.[8] Thus, the only claim remaining is Co-Defendants' counterclaim. Accordingly, the claim that formed the basis of Allstate's original complaint, and the only claim to which Marcelle was a party, has been resolved. Now, Marcelle moves to certify this Court's Ruling on her summary judgment[9] and Co-Defendants oppose.[10]

Although the interpleader claim has been resolved, the Court must still consider whether there is any just reason for the delay in final judgment.[11]

The determination of whether "there is no just reason for delay" lies "within the

---

[5] Rec. Doc. 75-1, p. 2.
[6] Rec. Doc. 1.
[7] Rec. Doc. 7.
[8] Rec. Doc. 38.
[9] Rec. Docs. 75 and 38.
[10] Rec. Doc. 79.
[11] *See First Am. Title Ins. Co. v. Titan Title, LLC*, 2012 WL 1065486, at *1 (M.D. La. Mar. 28, 2012) ("Once having found finality, the district court must go on to determine whether there is any just reason for delay.") aff'd sub nom. *First Am. Title Ins. Co. v. Cont'l Cas. Co.,* 709 F.3d 1170 (5th Cir. 2013).

sound discretion of the district court."[12] However, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[13] In making its determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'"[14] One main factor that the court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent appeals.'"[15] "It is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties."[16]

The Fifth Circuit has also explained that "[w]hen some of the same facts form the basis for several claims, the existence of separate claims for purposes of Rule 54(b) depends on an analysis of their distinctness."[17]

After weighing the appropriate factors, the Court finds that certification is inappropriate in this case. The counterclaim asserted by the Co-Defendants is based on most, if not all, of the same facts as the interpleader claim and the facts that the Co-Defendants relied upon when opposing Marcelle's summary judgment motion. The Co-

---

[12] *Ichinose v. Travelers Flood Ins.*, 2007 WL 1799673, at *2 (E.D. La. June 21, 2007) (internal citation omitted).
[13] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)).
[14] *Ichinose*, 2007 WL 1799673, at *2 (citing *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).
[15] *Id* (citing *H & W Indus., Inc. v. Formosa Plastics Corp.,* USA, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp.,* 446 U.S. at 8).
[16] Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2659 (3rd ed. 1998).
[17] *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002) (internal citation omitted).

Defendants have also indicated in their Opposition that upon final judgment in this Court, they intend to appeal this Court's Ruling granting Marcelle summary judgment.[18] Therefore, the appellate court may be required to consider the same facts on multiple occasions if Co-Defendants appeal this Court's July 2022 ruling and the pending decision on their counterclaim. Moreover, the Court finds that no injustice or hardship exists that would be alleviated by an immediate appeal and that no injustice would result from a delay in the entry of final judgment. Marcelle is not seeking certification in order to immediately appeal this Court's July 2022 ruling. Instead, she seeks certification so that she can receive the funds she is entitled to and not "be forced to wait for the judgment and possible [sic] appeal of the counterclaim proceedings to which she is not a party."[19] This Court finds that the inconveniences and costs of piecemeal review that may be produced with an entry of judgment outweigh Marcelle's reasons against delay.

Accordingly, the Motion for Entry of Rule 54(b) Judgment[20] filed by Yvette Marcelle is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on this  25th   day, April, 2024.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] Co-Defendants timely appealed this Court's Ruling in August 2022, but the Fifth Circuit denied their appeal because this Court's Ruling granting summary judgment was not a final judgment. Therefore, if the Court were to certify its Ruling, the Co-Defendants intend to appeal it, but "multiple appeals would be avoided if 54(b) certification is denied." Rec. Doc. 79, pp. 5–6.
[19] Rec. Doc. 75-1, p. 5.
[20] Rec. Doc. 75.