**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ALLSTATE LIFE INSURANCE COMPANY

VERSUS

MARCELLE, ET AL.

CIVIL ACTION

21-CV-469-SDD-SDJ

**RULING**

This matter comes before the Court on the *Motion for Summary Judgment*[1] filed by Defendant-in-Counterclaim, Allstate Life Insurance Company ("Allstate"). Plaintiffs-in-Counterclaim, Eunice Valleria Moore-Lavigne, the Estate of Dr. Marilyn Ray-Jones, and the Ray-Jones Family Irrevocable Trust (collectively, "Counterclaimants") filed an *Opposition*,[2] to which Allstate filed a *Reply*.[3] For the reasons that follow, the Motion will be granted.

## I.    BACKGROUND AND PROCEDURAL FACTS

In 2004, Dr. Marilyn Ray-Jones ("Dr. Ray-Jones") purchased a life insurance policy (the "Policy") from Allstate, naming as the primary beneficiary her son, Thomas E. Ray, II, naming her cousin, Yvette Marcelle ("Marcelle"), as the contingent beneficiary.[4] From December 2005 through December 2019, Allstate sent Dr. Ray-Jones annual policyholder statements at the address she provided to Allstate.[5] Counterclaimants confirm that Dr. Ray-Jones "received at least some" of these statements.[6] Each of the

---

[1] Rec. Doc. 88.
[2] Rec. Doc. 89.
[3] Rec. Doc. 92.
[4] Rec. Doc. 88-2, p. 1; Rec. Docs. 88-4 and 88-5.
[5] Rec. Doc. 88-2, p. 2; Rec. Docs. 88-6 and 89-2, p. 2.
[6] Rec. Doc. 89-2, p. 2; Rec. Doc. 88-2, p. 2; Rec. Doc. 88-9, Dep. Transcript 133:23–138:7.

annual statements identifies Thomas E. Ray, II, as the primary beneficiary and Marcelle as the contingent beneficiary.[7] In June 2020, Dr. Ray-Jones, and Earl Marcelle, Jr. ("Mr. Marcelle, Jr."), Dr. Ray-Jones' cousin and Co-Trustee of the Ray-Jones Family Irrevocable Trust, contacted Allstate about the Policy.[8] Counterclaimants allege Allstate outsourced their customer service call center and Dr. Ray-Jones and Mr. Marcelle, Jr. spoke with representatives from EXL Services Philippines, Inc.[9] Counterclaimants allege that the customer service representatives informed them that there was not a contingent beneficiary on the Policy, but Allstate denies this allegation.[10] Following the call, Allstate sent a change of beneficiary request form to Counterclaimants and Dr. Ray-Jones.[11] However, Dr. Ray-Jones did not execute the change of beneficiary form.[12] Counterclaimants allege Dr. Ray-Jones failed to complete the form because she was told there was no contingent beneficiary and therefore without a designated beneficiary she knew the Policy's proceeds would go to her estate.[13] By October 2020, Dr. Ray-Jones and her son, Thomas, E. Ray, II were deceased. After Dr. Ray-Jones' death, Counterclaimants notified Allstate that they had a claim to the death benefit.[14] Allstate filed an interpleader to resolve the competing claims to the Policy's proceeds and deposited the proceeds in the Court's registry.[15] Marcelle moved for summary judgment

---

[7] Rec. Doc. 88-6.
[8] Rec. Doc. 88-2, p. 2; Rec. Doc. 88-7; Rec. Doc. 89-2, p. 2.
[9] Counterclaimants assert this allegation in their Separate Concise Statement of Facts and provide a record citation. Rec. Doc. 89-1, p. 3. But, upon review of the citation, this assertion is not supported. However, Allstate does not deny their customer service center is outsourced.
[10] Rec. Doc. 89-2, pp. 20–21; Rec. Doc. 88-1, pp. 7–8.
[11] Rec. Doc. 88-9, Dep. Transcript 123:7–124:19.
[12] *Id*.
[13] *Id*; Rec. Doc. 89-1, p. 4; Rec. Doc. 89-2, p. 2.
[14] Rec. Doc. 7; Rec. Doc. 89-2, pp. 25–26.
[15] Rec. Docs. 1, 8, and 31.

claiming that she was the lawful beneficiary of the Policy's proceeds.[16] Counterclaimants

filed a response to Allstate's interpleader and brought a counterclaim against them.[17] The

Court granted Marcelle summary judgment finding that there was no factual dispute that

she was the sole surviving named beneficiary under the Policy.[18]

Now, the Court addresses Allstate's motion for summary judgment seeking

dismissal of Counterclaimants' counterclaim. In their Complaint, Counterclaimants allege

Allstate is liable for (1) breaching its fiduciary duty; (2) breaching the contract (the Policy);

(3) detrimental reliance; and (4) breach of the customer service representatives' fiduciary

duties under the theory of *respondeat superior*.[19] The Counterclaimants filed an

Opposition,[20] to which Allstate replied.[21]

## II.    LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary Judgment should granted if the record, taken as a whole, "together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law."[22] The Supreme Court has

interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial."[23] A party moving for summary

---

[16] Rec. Doc. 22.
[17] Rec. Doc. 7.
[18] Rec. Doc. 38.
[19] Rec. Doc. 7.
[20] Rec. Doc. 89.
[21] Rec. Doc. 92.
[22] *Basil v. Dow Chem. Co.*, 2020 WL 1964155, at *1 (M.D. La. Apr. 23, 2020).
[23] *Id*.

judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[24] If the moving party "fails to meet this initial burden, the summary judgment must be denied, regardless of the nonmovant's response."[25]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubts as to the facts, or a scintilla of evidence. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[26] The Court will not, "in the absence of any proof assume that the nonmoving party could or would prove the necessary facts."[27] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.

### B. Breach of Fiduciary Duty

Allstate moves for summary judgment on the Counterclaimants' breach of fiduciary duty claim because Counterclaimants cannot prove that Allstate "knowingly committed"[28] any acts that would constitute a breach of its' duties, as codified by Louisiana Revised Statute 22:1973:

---

[24] *Id.*
[25] *Id.*
[26] *Id* at *2.
[27] *Id.*
[28] Rec. Doc. 88-1, p. 7.

A. An insurer. . .owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
> (4) Misleading a claimant as to the applicable prescriptive period.
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.[29]

In response, Counterclaimants state that they are "not claiming that Allstate 'knowingly' breached the terms of the Policy." Instead, they allege that "Allstate's contract breach was attributable to its negligence."[30] A breach of contact claim is distinct and separate from a breach of fiduciary duty claim, and Counterclaimants fail to substantively oppose dismissal of the breach of fiduciary duty claim. This Court has held on numerous occasions that the "failure to brief an argument in the district court waives that argument in that court,"[31] and the "failure to oppose the substance of an argument is a waiver and dismissal is proper on these grounds alone."[32] Accordingly, pursuant to Middle District

---

[29] La. Stat. Ann. § 22:1973.
[30] Rec. Doc. 89, p. 8.
[31] *Williams v. Louisiana State Univ.*, 2022 WL 17330106, at *6 (M.D. La. Nov. 29, 2022), *appeal dismissed sub nom.*, *Williams v. Palermo*, 2023 WL 4231618 (5th Cir. Feb. 13, 2023) (citations omitted).
[32] *JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 981 (M.D. La. 2020) (citing *Bourgeois v. Walmart Inc.*, 2020 WL 1161928, at *3 (M.D. La. 2020)).

Local Rule 7(f) and applicable jurisprudence, the breach of fiduciary duty claim is deemed abandoned, and shall be dismissed with prejudice.

### C. Breach of Contract

In Louisiana, to establish a breach of contract claim a party must establish three essential elements: (1) the obligor's undertaking an obligation to perform; (2) the obligor failed to perform the obligation (the breach); and (3) the failure to perform resulted in damages to the obligee.[33] "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision."[34]

Allstate moves for summary judgment on Counterclaimants' breach of contract claim because (1) Counterclaimants are not parties to or beneficiaries of the Policy; (2) Counterclaimants failed to identify a breach of a specific provision of the Policy; and (3) if the Court finds Counterclaimants' allegations bear on Allstate's obligations under the General Provisions, Allstate fulfilled all of its obligations under these provisions.[35] The Court grants summary judgment on Counterclaimants' breach of contract claim for several reasons.

First, Counterclaimants' argument that this Court should deny summary judgment dismissal because Dr. Ray-Jones substantially complied with the Policy is unpersuasive. They argue Dr. Ray-Jones was within her power to comply with the terms of the Policy's "Beneficiary" and "Change of Owner or Beneficiary" provisions of the Policy, but Allstate breached the Policy's provisions by providing Dr. Ray-Jones with the wrong information

---

[33] *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 650 (E.D. La. 2022) (citing *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018)).
[34] *Id* at 650– 51 (internal citations and quotations omitted).
[35] Rec. Doc. 88-1, pp. 8–9.

and failing to pay the proceeds to Dr. Ray-Jones' Estate.[36] From a procedural standpoint, Counterclaimants did not raise this theory or allegation in their Complaint; thus, it is not properly before the Court.[37] But even assuming it was properly plead, this Court already held that this theory does not apply here because Counterclaimants failed to provide evidence showing Dr. Ray-Jones substantially complied with the Policy regarding naming beneficiaries.[38] The Change of Beneficiary provision states, "[i]f you have reserved the right to change the owner or beneficiary, you can file a written request with us to make such a change."[39] Counterclaimants concede that Allstate provided Dr. Ray-Jones with a change of beneficiary form upon her request, but Dr. Ray-Jones never submitted the form.[40] Moreover, Counterclaimants concede that Yvette Marcelle was named a contingent beneficiary on the Policy.[41] Accordingly, Counterclaimants fail to raise any genuine issue of fact with respect to Dr. Ray-Jones' compliance and Allstate's breach under this theory.

Second, although Counterclaimants argue that Allstate breached the Policy by failing to pay the proceeds to Dr. Ray-Jones' estate, the Court finds that the summary

---

[36] Rec. Doc. 89, p. 11.

[37] This Court has held that a party "cannot amend pleading through opposition memoranda. The law is well-settled that arguments in a brief are not a substitute for properly pleaded allegations: "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion [for summary judgment]." *Becnel v. St. Charles Par. Sheriff's Off.*, 2015 WL 5665060, at *1 n.3 (E.D. La. Sept. 24, 2015) (internal brackets omitted) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011). *See also LeBlanc v. DISA Glob. Sols., Inc.*, 2020 WL 8363123, at *5 (M.D. La. Feb. 19, 2020) (finding claims that were presented in the plaintiff's opposition to summary judgment were not properly before the Court).

[38] The Court found that "[w]hether or not Dr. Ray-Jones' failure to submit a written request was the result of misrepresentations by Allstate is the subject of the [Counterclaimants'] counterclaim against Allstate and does not change the fact that, according to summary judgment evidence in the record, Dr. Ray-Jones did not 'substantially comply' with the terms of her policy related to a change of beneficiary by sending Allstate a written request." Rec. Doc. 38, p. 7.

[39] Rec. Doc. 88-4, p. 8.

[40] Rec. Doc. 88-9, Dep. Transcript 123:7–124:16; Rec. Doc. 89-2, p. 21; Rec. Doc. 88-2, p. 3; Rec. Doc. 89-1, p. 4.

[41] Rec. Doc. 89-1, p. 2; Rec. Doc. 89-2, p. 2.

judgment evidence demonstrates that there are no genuine issues of fact raised regarding Allstate's fulfillment of its obligations. Counterclaimants point to the Beneficiary and the Change of Owner or Beneficiary provisions.[42] The Beneficiary provision requires that Allstate "pay the proceeds of this Contract to the beneficiary or beneficiaries who are named in the application for this Contract unless [Dr. Ray-Jones] subsequently change[s] the beneficiary."[43] Further, "[i]f no beneficiary survives the Insured, [Allstate] pay[s] the proceeds of this Contract to [Dr. Ray-Jones], if living, otherwise to [Dr. Ray-Jones]' estate."[44] The Change of Owner or Beneficiary provision requires Allstate to take into effect any written request to change the owner or beneficiary of the Policy once Dr. Ray-Jones signs a request form.[45]

There is no dispute that Allstate provided Dr. Ray-Jones with a change of beneficiary form but she did not complete it. There is no dispute that once Counterclaimants made a claim for the Policy's proceeds, Allstate filed an interpleader to resolve the Counterclaimants' and Marcelle's claims and deposited the funds into the Court's registry.[46] The Court found on summary judgment that there was no dispute that Marcelle was the sole surviving named beneficiary under the Policy.[47] Moreover, Counterclaimants concede that Allstate provided Dr. Ray-Jones with annual statements, and the statements as well as the Policy Application designate Yvette Marcelle as the

---

[42] Rec. Doc. 89, p. 11.
[43] Rec. Doc. 88-4, p. 8.
[44] *Id.*
[45] *Id.*
[46] Rec. Docs. 1 and 31.
[47] Rec. Doc. 38, p. 6.

contingent beneficiary.[48] Accordingly, Counterclaimants fail to raise any genuine issue of fact regarding Allstate's breach of either of these provisions.

Thus, the Court grants Allstate summary judgment as to Counterclaimants' breach of contract claim.

### D. Detrimental Reliance

Allstate moves for summary judgment on Counterclaimants' claim for detrimental reliance in part because Counterclaimants fail to raise this cause of action in the Complaint. However, the Court disagrees with Allstate's reading of the Complaint. Counterclaimants allege, "Defendants and Counterclaim-Plaintiffs. . . ultimately relied on erroneous and misleading information provided to them by Allstate which was detrimental to their interest."[49] Accordingly, Allstate was on notice of the detrimental reliance claim. Nevertheless, the Court finds that summary judgment is warranted as a matter of law.

Louisiana Civil Code art. 1967 states that "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying."[50] To establish a claim for detrimental reliance under Louisiana Civil Code art. 1967, a plaintiff must demonstrate (1) a representation by conduct or word; (2) made in such a manner that the promisor should have expected the promisee to rely on it; (3) justifiable reliance by the promise; and (4) a change to the promisee's detriment because of the reliance.[51] "The doctrine is 'designed to prevent injustice by barring a party from taking a position contrary

---

[48] Rec. Doc. 89-2, p. 2; Rec. Doc. 88-5; Rec. Doc. 88-6, pp. 21, 27, 33, 40, 47, 54, 61, 68, 75, 82, 89, and 95.
[49] Rec. Doc. 7, p. 13.
[50] La. Civ. Code Ann. art. 1967.
[51] *Jaxon Energy, LLC v. Admiral Ins. Co*., 661 F. Supp. 3d 583, 595 (E.D. La. 2023) (citing *In re Ark-La-Tex Timber Co., Inc*., 482 F.3d 319, 334 (5th Cir. 2007)).

to his prior acts, admissions, representations, or silence.'"[52] "Claims of detrimental reliance are 'not favored in Louisiana [and] detrimental reliance claims must be examined carefully and strictly.'"[53]

Even if a party does show reliance, "[r]eliance may be unreasonable as a matter of law 'when a plaintiff relies on oral representations despite the law's insistence on certain formalities.'"[54] Under Louisiana law, insurance contracts must be in writing.[55]

Here, Counterclaimants allege that Dr. Ray-Jones and Mr. Marcelle, Jr. spoke with customer service representatives who informed them that the Policy did not have a contingent beneficiary.[56] Therefore, Dr. Ray-Jones relied on this erroneous information and did not take steps to change her beneficiary.[57] Counterclaimants argue Dr. Ray-Jones' reliance on this information was reasonable under the circumstances.[58] Allstate counters that even if a customer service representative misrepresented the status of the contingent beneficiaries on the Policy, Counterclaimants' reliance on these oral representations was unreasonable as a matter of law because the oral representations were inconsistent with the unambiguous terms of the Policy.[59] The Court agrees with Allstate and finds that Counterclaimants' reliance was unreasonable as a matter of law.[60] Counterclaimants concede Yvette Marcelle was named as the contingent beneficiary on

---

[52] *Id* (citing *Blackstone v. Chase Manhattan Mortg. Corp.,* 802 F. Supp. 2d 732, 739 (E.D. La. 2011)).
[53] *Id* (citing *In re Ark-La-Tex Timber Co.,* 482 F.3d at 334).
[54] *Brown v. Phoenix Life Ins. Co.,* 843 F. App'x 533, 545 (5th Cir. 2021) (internal citation omitted).
[55] *Id*.
[56] Rec. Doc. 89, pp. 13–14; Rec. Doc. 7, p. 13.
[57] *Id*.
[58] Rec. Doc. 89, p. 14.
[59] Rec. Doc. 92, pp. 5–6.
[60] *See Brown*, 843 F. App'x at 545 (affirming lower court's dismissal of detrimental reliance claim in part because any reliance by the plaintiff on the life insurance agent's oral representation was unreasonable as a matter of law given that insurance contracts must be in writing in Louisiana); *Cenac v. Orkin, LLC*, 2018 WL 2970838, at *9–10 (E.D. La. June 13, 2018) (finding that the defendant was entitled to judgment as a matter of law on the plaintiffs' claims for detrimental reliance because their reliance on oral statements were not justified in light of the express language of the documents at issue).

the Policy and its Application.[61] Additionally, the summary judgment evidence shows that Yvette Marcelle is named as a contingent beneficiary on the annual statements and Counterclaimants acknowledge these statements were sent to the address Dr. Ray-Jones provided to Allstate.[62] Thus, the Counterclaimants cannot claim justifiable reliance when the express terms of the Policy are contrary to the alleged oral representation.

Counterclaimants assert that, while the annual statements were sent to Dr. Ray-Jones' address, "they do not know for certain how extensively and when Dr. Ray-Jones last reviewed an entire annual statement—which are quite lengthy."[63] Whether Dr. Ray-Jones reviewed her statements is insufficient to raise any genuine issue of fact, however, because in Louisiana those who are insured are generally responsible for reading their policies and expected to know the provisions.[64] Accordingly, the Court grants summary judgment with respect to the detrimental reliance claim.[65]

### E. Vicarious Liability

Under Louisiana Civil Code art. 2320, "an employer is subject to vicarious liability for the tortious conduct of his employee, irrespective of his title, while acting within the course and scope of employment."[66] The Louisiana Supreme Court has "stated that an employee's conduct is generally within the course and scope of his employment if the conduct is of the character and nature that he is employed to perform, occurs substantially

---

[61] Rec. Doc. 89-1, p. 2; Rec. Doc. 89-2, p. 2.

[62] Rec. Doc. 89-2, p. 2; Rec. Doc. 88-2, p. 2; Rec. Doc. 88-9, Dep. Transcript 133:23–138:7.

[63] Rec. Doc. 89-1, p. 3.

[64] *Voitier v. S. Farm Bureau Life Ins. Co.* , 2012 WL 3527888, at *4 (W.D. La. Aug. 14, 2012) (citing *Motors Ins. Co. v. Bud's Boat Rental, Inc.,* 917 F.2d 199, 205 (5th Cir.1990)); *Northgate Plaza LLC v. Safepoint Ins. Co.,* 2022 WL 17254937, at *2 (W.D. La. Nov. 28, 2022) (finding that the purchase of the insurance policy was sufficient to place the plaintiff on notice of the policy's terms and limits).

[65] Ordinarily, the Court would not address a claim or new argument asserted in a reply brief; however, in the interests of justice and judicial economy, and because this claim is foreclosed as a matter of law, the Court will consider the claim.

[66] *Brasseaux v. Town of Mamou*, 752 So. 2d 815, 821 (La. 2000).

within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer."[67]

Counterclaimants allege that Allstate outsources its customer service call center to EXL Services Philippines, Inc., and Allstate should be held vicariously liable for the customer service representatives providing Dr. Ray-Jones and Mr. Marcelle, Jr. with erroneous or misleading information.[68] Because the Court finds that summary judgment must be granted on the detrimental reliance claim as a matter of law, the Counterclaimants' vicarious liability claim must face summary judgment dismissal for the same reasons.

Accordingly, Allstate's motion for summary judgment is granted as to the vicarious liability claim for the customer service representatives' conduct.

## III.    CONCLUSION

For the reasons set forth above, Allstate's Motion for Summary Judgment[69] is hereby **GRANTED**. Counterclaimants' claims are dismissed with prejudice. The Pre-Trial Conference set for July 23, 2024 and the Jury Trial set to begin August 5, 2024, are hereby canceled.[70]

---

[67] *Brasseaux*, 752 So. 2d at 820 (internal citations omitted).
[68] Rec. Doc. 89-1, p. 3; Rec. Doc. 89, pp. 14–15.
[69] Rec. Doc. 88.
[70] Rec. Doc. 61.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on this _____ Day, May, 2024.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**